IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. |
| | § | |
| CHARLES P. COWIN, | § | 10-34132 |
| | § | |
| DEBTOR. | § | CHAPTER 11 |
| | § | |

**OBJECTION OF BOXER FINANCE, LLC TO
DEBTOR'S MOTION TO EXTEND AUTOMATIC STAY**

COMES NOW, BOXER FINANCE, LLC, who appears herein by and through the undersigned counsel, and respectfully files this Objection to Debtor's Motion to Extend Automatic Stay and in support thereof would show the Court as follows:

1. On November 17, 2006, Boxer RE, L.P. loaned the Debtor the principal sum of $4,880,000.00 secured by raw land in New Mexico and Hawaii (the "Loan").

2. On July 1, 2007, Boxer RE, L.P. conveyed and assigned its interest in and to said Loan to Boxer Finance, LLC.

3. Debtor defaulted in his obligations to repay the loan and Boxer Finance, LLC filed suit in Harris County District Court on November 11, 2008.

4. Boxer Finance, LLC was granted final summary judgment on July 16, 2009.

5. Thereafter, Boxer Finance, LLC was granted an order in New Mexico District Court, Cause No. 09-50-CV allowing Boxer Finance, LLC to foreclose its mortgage on the New Mexico property serving as collateral for the Loan.

6. The foreclosure was scheduled to take place on February 25, 2010 at 1:00 p.m.

7. On February 24, 2010, Debtor filed a petition for relief under Chapter 11, Title 11 under Case No. 10-31478.

8. After not making payment to Boxer Finance, LLC since August 2008, and requiring Boxer Finance, LLC to litigate two civil cases, Debtor stayed the foreclosure sale.

9. Debtor's propensity to "game the system" became evident when he took full advantage of the automatic stay but then failed to file his schedules and statement of financial affairs by March 10, 2010 as required by Bankruptcy Rule 1007(c). Tellingly, even after the deadline passed, Debtor was content to enjoy the automatic stay without making the required filings until this Court put an end to it on March 31, 2010.

10. This Court found the Debtor's bankruptcy filing to be in bad faith.

11. After the dismissal, Boxer Finance, LLC again made the expenditure of time and effort to advertise and re-notice the foreclosure sale for May 20, 2010.

12. Again, the day before the sale, Debtor re-filed Chapter 11 bankruptcy.

## ARGUMENT AND AUTHORITIES

13. 11 U.S.C. 362(c) provides that if a debtor has filed for Chapter 11 within the previous twelve (12) months which was dismissed, the automatic stay protects the debtor for only a thirty (30) day period.

14. To extend the automatic stay, the debtor must file a Motion to Extend the Stay and receive an Order from the Court granting such motion within that initial thirty (30) day period.

15. The Court may continue the stay upon a finding that the subsequent filing was in good faith. 11 U.S.C. 362(c)(3)(B).

16. For purposes of determining whether the subsequent filing was made in good faith, 11 U.S.C. 362(c)(3)(C) provides that there is a presumption that the second filing was <u>not</u> in good faith where the prior dismissal was the result of (a) a failure to file documents required

by the court or the law or (b) a where there was a previous Ch. 11 filing within the previous twelve (12) months.

17.     Clear and convincing evidence is required to overcome this presumption of bad faith.  11 U.S.C. 362(c)(3)(C).;

18.     Here, Debtor's Motion to Extend Stay merely asserts that the Debtor has complied with this Court's Order of Dismissal of March 31, 2010 and is in good faith attempting to comply with Bankruptcy Code and the Local Rules.  This is a far cry from "clear and convincing evidence."

19.     What is evident, and admitted by the Debtor in his Motion to Extend Stay, Paragraph 7, is that the purpose of Debtor's two bankruptcy filings is delay.  Debtor was content not to pay Boxer Finance, LLC, and his many other creditors, for one and one-half years.  Only after all other attempts at delay had failed did Debtor turn to the automatic stay.  It is merely another tool for Debtor to delay the result of his irresponsible behavior for which his creditors must ultimately pay the price.

20.     In conclusion, it is the Debtor that bears the burden of proof in overcoming the statutory presumption that this Chapter 11 filing was made in bad faith.  Debtor's motion provides no evidence whatsoever, only excuses.

**WHEREFORE,** for the foregoing reasons, Boxer Finance, LLC respectfully requests that this Court deny Debtor's Motion to Extend Stay as to creditor Boxer Finance, LLC and all other general and equitable relief to which it may be entitled.

/s/ Richard F. Carlisle  06/01/10
RICHARD F. CARLISLE    SBN: 24043596

## CERTIFICATE OF SERVICE

       I hereby certify that on June 14, 2010, a true and correct copy of the foregoing Objection to Debtor's Motion to Extend Stay was served via electronic means as provided for by the Court's ECF noticing system to:

Debtor
Charles Phillip Cowin (Via U.S. Mail)
1707 ½ Post Oak Blvd., PMB 263
Houston, TX 77056

Debtor's Attorney
Richard L. Fuqua, II
2777 Allen Parkway, Ste. 480
Houston, TX 77019

Creditor, Texas Community Bank, N.A.
Trent L. Rosenthal
Beirne Maynard & Parsons, LLP
1300 Post Oak Blvd., Ste. 2500
Houston, TX 77056

Creditor, Los Alamos National Bank
c/o Heather Boone, General Counsel
1200 Trinity Drive
Los Alamos, NM 87544

Creditor, Harris County
John P. Dillman
Linebarger Goggan Blair & Sampson, LLP
P.O. Box 3064
Houston, TX 77253

Creditor, Independence Bank, N.A.
Jim Hamilton
Ross, Banks, May, Cron & Cavin, P.C.
2 Riverway, Suite 700
Houston, TX 77056

U.S. Trustee, Stephen Douglas Stratham
Office of the U.S. Trustee
515 Rusk Ave., Suite 3516
Houston, Texas 77002

                                        /s/ Richard F. Carlisle    6/01/10
                                        RICHARD F. CARLISLE
                                        SBA # 24043596

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. |
| | § | |
| CHARLES P. COWIN, | § | 10-34132 |
| | § | |
| DEBTOR. | § | CHAPTER 11 |
| | § | |

**ORDER DENYING DEBTOR'S MOTION TO EXTEND AUTOMATIC STAY
AS TO CREDITOR BOXER FINANCE, LLC**

Considering the Debtor's Motion to Extend Automatic Stay Pursuant to 11 U.S.C. §362(c)(3)(b), the Objection(s) thereto, and the arguments of counsel:

Debtor's Motion to Extend Automatic Stay, as to creditor Boxer Finance, LLC is **DENIED.**

Houston, Texas, June 15, 2010.

_____
HON. JEFF BOHM
UNITED STATES BANKRUPTCY JUDGE