UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
03/25/2011

| | § | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CHARLES PHILIP COWIN | § | Case No. 10-34132 |
| | § | |
| DEBTOR | § | Chapter 11 |

### AGREED ORDER GRANTING JOINT MOTION OF DEBTOR CHARLES P. COWIN AND FIRST AMERICAN BANK TO (A) CONTINUE FINAL HEARING ON LIFT-STAY MOTION, AND (B) GRANT ADDITIONAL CONDITIONAL RELIEF FROM THE AUTOMATIC STAY

The Court considered the *Joint Motion of Debtor Charles P. Cowin and First American Bank to (A) Continue Final Hearing on Lift-Stay Motion, and (B) Grant Additional Conditional Relief from Automatic Stay* (the "**Motion**") [Docket No. 137] for an order pursuant to 11 U.S.C. § 362 and Bankruptcy Local Rule 4001-1, the Court finds and concludes that (a) good and sufficient cause exists to grant the Motion, (b) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (c) this is a core matter pursuant to 28 U.S.C. § 157(b)(2), and (d) notice of the Motion was sufficient under the circumstances and no further notice need be given; as a result, the Court hereby orders as follows:

**IT IS HEREBY ORDERED** that the relief requested in the Motion is hereby GRANTED.

**IT IS HEREBY FURTHER ORDERED** that the final hearing on the Lift-Stay Motion is continued pending the Agreed Marketing Period (defined below). The Parties shall reset the final hearing on the Lift-Stay Motion, subject to Court availability, after expiration of the Agreed Marketing Period, subject to the terms below. First American shall serve notice of such continuance of the final hearing on all parties entitled to receive notice of the final hearing.

**IT IS HEREBY FURTHER ORDERED** that:

- First American[1] has a valid claim of $2,313,351.29 secured by a valid, unavoidable, first-priority lien on the Collateral.

---

[1] Capitalized terms not otherwise defined herein shall be defined as in the Motion.

AGREED ORDER GRANTING JOINT MOTION OF DEBTOR CHARLES P. COWIN AND FIRST AMERICAN BANK TO (A) CONTINUE FINAL HEARING ON LIFT-STAY MOTION, AND (B) GRANT ADDITIONAL CONDITIONAL RELIEF FROM THE AUTOMATIC STAY Page 1 of 4
DALLAS 2208746v.2

- CB Richard Ellis shall provide a written appraisal of the fair market value of the Collateral, as is (the "**Appraisal**") to First American on or before March 17, 2011.

- If the Appraisal states that the fair market value of the Collateral, as is, is less than $2,313,351.29, the automatic stay will lift upon entry of the agreed order to be submitted in accordance with the Agreed Scheduling Order.

- If the Appraisal states that the fair market value of the Collateral, as is, is greater than $2,313,351.29, the Debtor shall have a ninety (90) day period from March 18, 2011, through June 16, 2011, to market the property (the "**Agreed Marketing Period**").

- To the extent the Debtor sells any portion of the Collateral during the Agreed Marketing Period, First American's liens will attach to the proceeds of such sale in the same priority and extent as such liens against the Collateral.

- On June 17, 2011 (i.e., immediately upon the expiration of the Agreed Marketing Period), the automatic stay will terminate as to any unsold collateral and First American may immediately pursue all state-law remedies against such unsold collateral.

**IT IS HEREBY FURTHER ORDERED** that:

- The automatic stay may continue beyond the Agreed Marketing Period, subject to the following conditions:

    1. During the Agreed Marketing Period, First American receives a bona fide offer of at least $1,150,000 from a third party to acquire the First American Claim before expiration of the Agreed Marketing Period.

    2. To be considered a bona fide offer, any offer to acquire the First American Claim must (a) be for cash in the amount of (i) at least $1,150,000 for both the Note and Angel Fire Note (i.e., the entire First American Claim), (ii) at least $1,084,335 if the offer is solely for the Note, or (iii) at least $65,665 if the offer is solely for the Angel Fire Note, (b) be accompanied by evidence of financial ability to close, (c) not contain any contingencies such as financing contingencies or due diligence contingencies, and (d) have a closing date not later than five (5) business days after receipt of approval of such transfer by the FDIC.

3. If such a bona fide offer is not received by First American prior to expiration of the Agreed Marketing Period, the automatic stay will automatically terminate upon entry of an agreed order, substantially in the form attached to the Motion as Exhibit A, to be submitted by the Parties to the Court immediately after expiration of the Agreed Marketing Period. If a bona fide offer is received only for the Note (i.e., not the Angel Fire Note), the automatic stay will automatically terminate as to the Angel Fire Collateral upon entry of an agreed order, substantially in the form attached hereto as Exhibit A, to be submitted by the Parties to the Court immediately after expiration of the Agreed Marketing Period. If a bona fide offer is received only for the Angel Fire Note (i.e., not the Note), the automatic stay will automatically terminate as to the Debtor Collateral upon entry of an agreed order, substantially in the form attached to the Motion as Exhibit A, to be submitted by the Parties to the Court immediately after expiration of the Agreed Marketing Period.

4. If such a bona fide offer is received before expiration of the Agreed Marketing Period, First American will seek authority from the FDIC to convey the First American Claim (or Note or Angel Fire Note, as applicable) to the third party and the automatic stay will remain in effect pending approval by the FDIC.

5. If the FDIC approves the transfer of the First American Claim (or Note or Angel Fire Note, as applicable) to a third party, the third party must close the acquisition of the First American Claim (or Note or Angel Fire Note, as applicable) within five (5) business days. If the sale does not close within five (5) business days of notification by First American to the Debtor that the FDIC has approved the transfer of the First American Claim (or Note or Angel Fire Note, as applicable), the automatic stay will automatically terminate upon entry of an agreed order, substantially in the form attached to the Motion as Exhibit A, to be submitted by the Parties to the Court immediately after expiration such five (5) business days.

6. If the FDIC does not approve the transfer of the First American Claim (or Note or Angel Fire Note, as applicable), the Parties will request that the Court reset the final lift-stay hearing for a date that is thirty (30) days (subject to Court availability) from the date First American notifies the Debtor that the FDIC did not approve the transfer of the First American Claim (or Note or Angel Fire Note, as applicable) to the third party. The Parties must complete the oral examination of Mr. Charles

Cowin, Mr. Larry Brooks, and the CB Richard Ellis representative at least three (3) business days prior to the reset hearing date.

**IT IS HEREBY FURTHER ORDERED** that:

The 14-day stay imposed by Bankruptcy Rule 4001 or otherwise is hereby waived.

SIGNED March 25, 2011

THE HONORABLE JEFF BOHM
UNITED STATES BANKRUPTCY JUDGE

APPROVED AND SUBMITTED JOINTLY BY:

*/s/ Richard L. Fuqua*
Richard L. Fuqua (TX 07552300)
Fuqua & Associates, PC
5005 Riverway, Ste. 250
Houston, TX 77056
Telephone: (713) 960-0277
Facsimile: (713) 960-1064
RLFUQUA@FuquaLegal.com

**COUNSEL FOR DEBTOR, CHARLES P. COWIN**

-AND-

GARDERE WYNNE SEWELL LLP

*/s/ Michael S. Haynes*
Marcus A. Helt (TX 24052187)
Michael S. Haynes (TX 24050735)
**GARDERE WYNNE SEWELL LLP**
3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201-4761
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
mhelt@gardere.com
mhaynes@gardere.com

**COUNSEL FOR FIRST AMERICAN BANK**