UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| CHARLES PHILIP COWIN | § § | Case No. 10-34132 |
| DEBTOR | § § | Chapter 11 |

**AGREED ORDER GRANTING RELIEF**
**FROM THE AUTOMATIC STAY**
[Related Docket Nos. 103, 111, 137, 147, 174, and 179]

This matter comes before this Court to consider the remaining relief requested in (a) *First American Bank's Motion for Relief from the Automatic Stay as to Certain Real Property Pursuant to 11 U.S.C. § 362(d)(1) or, Alternatively, Pursuant to 11 U.S.C. § 362(d)(2)* [Docket No. 103] ("**Stay Motion I**") and *First American Bank's Motion to Determine the Automatic Stay Has Terminated as to the Angel Fire Note and the Angel Fire Collateral* [Docket No. 179] (the "**Stay Motion IV**).

In ruling on such requested relief, the Court considered the pleadings in this case, including (a) *Joint Motion of Debtor Charles P. Cowin and First American Bank to (A) Pass Preliminary Lift-Stay Hearing, (B) Scheduling Final Hearing, (C) Enter Agreed Scheduling Order, and (D) Grant Conditional Relief from Automatic Stay* [Docket No. 111] ("**Stay Motion II**"); (b) *Joint Motion of Debtor Charles P. Cowin and First American Bank to (A) Continue Final Hearing on Lift – Stay Motion, and (B) Grant Additional Conditional Relief from Automatic Stay* [Docket No. 137] (the "**Stay Motion III**"); (c) *Agreed Order Granting Joint Motion of Debtor Charles P. Cowin and First American Bank to (A) Continue Final Hearing on Lift-Stay Motion, and (B) Grant Additional Conditional Relief from the Automatic Stay* [Docket

AGREED ORDER GRANTING RELIEF
FROM THE AUTOMATIC STAY – PAGE 1

DALLAS 2259096v.3


No. 147] (the "**Stay Order I**"); and (d) *Agreed Order Granting Relief from the Automatic Stay in Part* [Docket No. 174] (the "**Stay Order II**") (collectively, with Stay Motion I and the Stay Motion II, the "**Stay Pleadings**"),[1] and the agreements of the parties, which are outlined as follows:

(a) The stay imposed by 11 U.S.C. § 362 is inapplicable to the Angel Fire Note and the Angel Fire Collateral;

(b) To the extent that such a stay is applicable, it is hereby annulled, vacated, and/or lifted immediately notwithstanding any rule to the contrary so that First American may exercise it legal rights and remedies, including foreclosure on the Angel Fire Note and Angel Fire Collateral;

(c) If $65,665.00 in immediately available cash is received by First American's counsel on or before 5:00 p.m. (CDT) on September 2, 2011 (the "**Deadline**"), First American agrees to waive its claims under the Angel Fire Note and the *Guaranty* related to the Angel Fire Note, which was attached as <u>Exhibit 5</u> to the Stay Motion I, as those claims will be deemed released or satisfied.

(d) If $65,665.00 in immediately available cash is ***not*** received by First American's counsel on or before the Deadline, then the parties agree that First American has not released any of its claims under the Angel Fire Note and the *Guaranty*, and any agreement to release its claims or deem First American's claims satisfied is null, void, and has no legal effect.

(e) For the avoidance of doubt, notwithstanding anything herein to the contrary, nothing in this Order shall be deemed to release, impact, or affect claims that may be asserted by First American, its predecessors, successors, or assigns against the Debtor under the terms of any documents, including the Loan Documents, ***but excluding the Angel Fire Note and the Guaranty***, or applicable law or against individuals or entities who guaranteed any debt related to the Loan Documents or the Collateral.  The claims asserted by First American against the Debtor and/or the Estate under any other document, including

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in the Stay Pleadings.

**AGREED ORDER GRANTING RELIEF**
**FROM THE AUTOMATIC STAY – PAGE 2**

DALLAS 2259096v.3

the Note and Mortgage and the Stay Pleadings, are unaffected by this Order.

In so considering, the Court finds that (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core matter pursuant to 28 U.S.C. § 157(b)(2); (c) no further notice of the requested termination/lifting/annulment of the automatic stay requested in the Stay Pleadings need be given; and (d) the agreement of the parties is in the best interests of the estate.  As a result, the Court hereby ORDERS as follows:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the relief requested in the Stay Pleadings not otherwise granted in prior Court orders is hereby granted.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the agreements of the parties, as set forth above, are hereby approved and the terms incorporated as part of this Order.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the automatic stay imposed by 11 U.S.C. § 362 does not apply to the Angel Fire Note or the Angel Fire Collateral, and First American may assert all of its legal rights and remedies, including, without limitation, the right to foreclose on the Angel Fire Collateral.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that this Order is effective immediately notwithstanding any applicable rule, statute, or other law to the contrary.

IT IS HEREBY SO ORDERED.

SIGNED this ____ day of _____, 2011.

_____
JEFF BOHM
UNITED STATES BANKRUPTCY JUDGE

**AGREED ORDER GRANTING RELIEF
FROM THE AUTOMATIC STAY – PAGE 3**

DALLAS 2259096v.3

DRAFTED AND APPROVED BY:

*/s/ Richard L. Fuqua*
Richard L. Fuqua
State Bar No. 07552300
Fuqua & Associates, PC
5005 Riverway, Suite 250
Houston, TX 77056
(713) 960-0277 tel
(713) 960-1064 fax

COUNSEL FOR DEBTOR, CHARLES P. COWIN

*/s/ Marcus A. Helt*
Marcus A. Helt
State Bar No. 24052187
3000 Thanksgiving Tower
1601 Elm Street
Dallas, TX 75201-4761
(214) 999-3000 tel
(214) 999-4667 fax

COUNSEL FOR FIRST AMERICAN BANK

**AGREED ORDER GRANTING RELIEF
FROM THE AUTOMATIC STAY – PAGE 4**

DALLAS 2259096v.3